# State of Louisiana
## Secretary of State

 **EXHIBIT 1**

02/15/2019

Legal Services Section
P.O. Box 94125, Baton Rouge, LA 70804-9125
(225) 922-0415

NAUTILUS INSURANCE COMPANY
MR. THOMAS M. KUZMA, PRESIDENT/CEO
7233 EAST BUTHERUS DR.
SCOTTSDALE, AZ 85260

**RECEIVED**
**FEB 21 2019**
NAUTILUS INSURANCE GROUP
REGULATORY DEPT

Suit No.: 678469
19TH JUDICIAL DISTRICT COURT
EAST BATON ROUGE PARISH

GSD DEVELOPMENT COMPANY, LLC
vs
ACTION CONCRETE CONSTRUCTION, INC.

Dear Sir/Madam:

I am enclosing a citation served in regard to the above entitled proceeding. If you are not the intended recipient of this document, please return it to the above address with a letter of explanation. All other questions regarding this document should be addressed to the attorney that filed this proceeding.

Yours very truly,

R. KYLE ARDOIN
Secretary of State

Served on: R. KYLE ARDOIN
Served by: E CUMMINS

Date: 02/14/2019
Title: DEPUTY SHERIFF

No: 1108128



KC

SERVICE COPY



D1309806

# CITATION

GSD DEVELOPMENT COMPANY, LLC
(Plaintiff)

NUMBER C-678469   SEC. 27

VS

19th JUDICIAL DISTRICT COURT

ACTION CONCRETE CONSTRUCTION, INC.
(Defendant)

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:   NAUTILUS INSURANCE COMPANY
THROUGH ITS REGISTERED AGENT FOR SERVICE:
SECRETARY OF STATE

SERVED ON
R. KYLE ARDOIN

FEB 14 2019

SECRETARY OF STATE
COMMERCIAL DIVISION

GREETINGS:

Attached to this citation is a certified copy of the petition*. The petition tells you what you are being sued for.
You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana. If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.
This citation was issued by the Clerk of Court for East Baton Rouge Parish on **JANUARY 29, 2019**.

*Hope Michell*
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

Requesting Attorney: MURPHY, T MICHAEL
(225) 926-1700

*The following documents are attached:
**PETITION, EXHIBITS**

### SERVICE INFORMATION:

Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20_____.

SERVICE:   $_____
MILEAGE   $_____
TOTAL:    $_____

_____
Deputy Sheriff
Parish of East Baton Rouge



CITATION-2000

EAST BATON ROUGE PARISH   C-678469
Filed Jan 25, 2019 11:04 AM     27
Deputy Clerk of Court
FAX Received Jan 16, 2019

GSD DEVELOPMENT COMPANY, LLC     SUIT NO. C-678469 DIV. 27

VS.     19TH JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

ACTION CONCRETE
CONSTRUCTION, INC.     STATE OF LOUISIANA

## PETITION

COMES NOW, GSD Development Company, LLC ("GSD"), a Louisiana limited liability company, through undersigned counsel, avers as follows:

1.

Made defendants herein are:

1. Action Concrete Construction, Inc., ("ACC"), an Alabama corporation authorized to do and doing business in Louisiana. ACC is domiciled at 3311 Bradley St. SW, Huntsville, AL 35805 and has a registered office in Louisiana located at 4821 Prytania St., New Orleans, Louisiana 70115.

2. Nautilus Insurance Company, ("Nautilus") a foreign insurance company authorized to and doing business in Louisiana.

2.

Venue is proper in East Baton Rouge Parish as (1) GSD and ACC formed the Agreement in East Baton Rouge Parish, (2) the construction project (location where work was performed) is located in East Baton Rouge Parish, pursuant to Louisiana Civil Code of Procedure article 76.1, and claims brought against foreign insurance companies may be brought in East Baton Rouge Parish, pursuant to Louisiana Civil Code of Procedure article 42.

3.

GSD was the General Contractor for a project named Beauregard Quarters located at 141 Napoleon St., Baton Rouge, Louisiana ("Project"). The Project is a four-story wood framed apartment complex. ACC was the framing subcontractor to GSD on the Project. Nautilus provided the commercial general liability insurance coverage for ACC.

4.

In or around the first of September 2016, GSD formed an agreement ("Agreement") with ACC to install among other things all (1) wood framing, (2) vapor barriers, (3) hurricane ties, (4) cantilevered balconies and (5) steel lintels on the Project in exchange for payment of

1

*Hope Michell*

Certified True and Correct Copy
CertID: 2019012900202

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/29/2019 9:54 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

$147,864.50. GSD states that ACC agreed to be complete its scope of work on the Project in five (5) weeks, or by the end of the first week of October in 2016.

5.

GSD states that it performed its obligations to ACC by issuing progress payments to ACC totaling $124,468.38 for work ACC performed, pursuant to the Agreement.

6.

GSD states that ACC began working on the Project in the last week of September, 2016.

7.

GSD states (1) ACC abandoned the Project without cause, thereby breaching the Agreement, (2) ACC delayed the Project thereby breaching the Agreement, (3) the work performed by ACC contained a voluminous list of construction defects, (4) ACC failed to perform work in a workmanlike manner, and (5) ACC's defective installation of its scope of work damaged other trades on the Project, thereby increasing costs for GSD.

## **BREACH OF CONTRACT**

8.

In December 2016, GSD states that ACC abandoned the Project <u>without cause</u> or notice. As a result, GSD states that it was forced to hire additional subcontractors to <u>correct and complete</u> ACC's scope of work. GSD states that it is entitled to recover all damages that resulted from ACC's failure to timely complete the Project, pursuant to Louisiana Civil Code article 2769, which as of the date of filing this petition totaled **$73,360.00**. Petitioner reserves the right to supplement or amend this figure.

## **DELAY**

9.

GSD states that ACC delayed the Project by failing to properly staff the Project as to meet the agreed upon completion date. GSD asserts that multiple weeks passed wherein ACC failed to have any men on the Project whatsoever. GSD incurred an additional the three (3) months of delay damages as a result of ACC's abandonment and failure to timely complete the Project.

10.

GSD's delay damages include three months of: (1) additional interest loan payments of $17,000.00 / month, **totaling $51,000.00,** (2) mobile office rental charges of $295.55 / month,

2

Certified True and Correct Copy
CertID: 2019012900202

*Hope Michelli*

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/29/2019 9:54 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

totaling $886.65, (3) portolet rental charges of $112.00 / month, **totaling $336.00,** (4) general liability insurance of $1,644.52 / month and builder's risk insurance of $1,338.40 / month, **totaling $8,948.76,** (5) worker's compensation payments of $150.00 / month, totaling $450.00, and (6) superintendent labor of $10,800.00 / month, **totaling $10,800.00.** GSD states that it is entitled to all delay damages, pursuant to Louisiana Civil Code article 1994 and Louisiana Civil Code article 2769, which total **$71,971.41.**

## BREACH OF DUTY

11.

GSD states that ACC breached its Agreement by failing to perform its scope of work in a workmanlike manner. ACC's work contained multiple construction defects that GSD was forced to pay third party contractors to repair. GSD claims that ACC (1) failed to install walls in the proper locations, according to the construction plans, (2) failed to install some required framing supports under structural beams, (3) failed to install some wood trusses in proper locations, (4) failed to frame interior door frames at the proper heights, (5) failed to properly install the Tyvek weatherproofing (6) failed to install steel lintels around elevator doors, (7) failed to install the balcony cantilevered beams in the course of construction, requiring retro-fitting, (8) failed to fur out plumbing chases so that plumbing lines could be run in the walls, and (9) failed to install plumb and straight walls throughout the Project. GSD states that ACC's failure to perform the above referenced work is a breach of contract and a breach of ACC's duty to perform work in a workmanlike manner.

## NEGLIGENCE

12.

ACC's negligent installation of the wood trusses throughout the Project resulted in the HVAC subcontractor having to re-route the HVAC ducting throughout the Project, which increased costs for GSD. ACC's negligent installation of the Tyvek weatherproofing resulted in GSD (1) hiring another subcontractor to remove and reinstall the Tyvek weatherproofing and (2) purchasing additional Tyvek paper, Tyvek tape, and Tyvek staples. ACC's negligent installation of the doorframes resulted in GSD hiring a subcontractor to trim down around three hundred and fifty (350) wood doors and frames. ACC's negligent installation of the cantilevered beams resulted in GSD having to hire a subcontractor to retrofit the cantilevered beams in the framed exterior walls. ACC's negligent installation and failure to frame plumb walls resulted in GSD

3

Certified True and Correct Copy
CertID: 2019012900202

*Hope Michell*

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/29/2019 9:54 AM

paying the sheetrock subcontractor for additional time and materials to correct the out of plumb walls.

13.

GSD states Nautilus is liable, in solido with ACC, for all damages related to ACC's negligent installation of its scope of work.

14.

On or about June 8, 2017, GSD issued a Notice of Default[1] to ACC by certified mail. GSD states that it did not receive any objections or responses to the Notice of Default issued to ACC.

WHEREFORE, GSD Development Company, LLC prays that Action Concrete Construction, Inc. and Nautilus Insurance Company, be served with a copy of this petition and ordered to answer same and after due proceedings there be judgment herein in favor of plaintiff, GSD Development Company, LLC, and against defendants, Action Concrete Construction, Inc. and Nautilus Insurance Company, in solido, for the full sum of $145,331.41 together with legal interest from date of judicial demand until paid, reasonable attorney's fees, penalties, and all costs of these proceedings.

BY ATTORNEYS:
G. STEVEN DUPLECHAIN, APLC

G. Steven Duplechain, Bar Roll No. 5200
T. Michael Murphy, Bar Roll No. 36328
G. Steven Duplechain, APLC
8708 Jefferson Highway, Ste. B
Baton Rouge, Louisiana 70809
Tel: (225) 926-1700
Fax: (225) 924-2500
*Attorney for GSD Development Company, LLC*

---

[1] See Notice of Default

4

Certified True and Correct Copy
CertID: 2019012900202

Hope Michell
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/29/2019 9:54 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3)

**Please Serve:**

Action Concrete Construction, Inc.
Through its registered Agent for Service:
Wolfe Law Group, LLC
4821 Prytania St.
New Orleans, LA 70115

Nautilus Insurance Company
Through its registered Agent for Service:
Louisiana Secretary Of State
8585 Archives Ave.
Baton Rouge, LA 70809

5



Certified True and Correct Copy
CertID: 2019012900202

*Hope Michelli*

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/29/2019 9:54 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133. and/or RPC Rule 3.3(a)(3).

# G. STEVEN DUPLECHAIN

A PROFESSIONAL LAW CORPORATION

*JEFFERSON COMMONS OFFICE PARK*
8708 JEFFERSON HIGHWAY, SUITE B
BATON ROUGE, LOUISIANA 70809

G. Steven Duplechain
T. Michael Murphy

TELEPHONE: (225) 926-1700
TELECOPIER: (225) 924-2500
E-FAX: (800) 878-8308
TOLL FREE (866) 499-6901
E-MAIL: STEVEN@DUPLECHAINLAW.COM
MIKE@DUPLECHAINLAW.COM

June 8, 2017

VIA CERTIFIED MAIL – 7012 1010 0002 5706 5904

Action Concrete Construction, Inc.,
3311 Bradley St. SW
Huntsville, AL 35805

RE:   Beauregard Quarters – Notice of Default

Dear Tony,

Regrettably, this correspondence is a Notice of Default under your contract with GSD Development, for the following reasons:

1.   You abandoned the job, without cause, in December 2016.
2.   You failed to complete the project, and you delayed the project; your contractual completion date was October 31st, 2016, a date you selected, and assured me you could make. You did not come close. This resulted in additional costs for your account, including:
   a.   Hotel expenses after October 31st, 2016. As we were obligated to provide rooms as part of the agreement, our undertaking did NOT extend to providing rooms past the date of contractual completion. There were only 3 rain days from your start date until the date you walked off the Project.
   b.   You failed to provide sufficient manpower to prosecute the work timely, despite repeated requests. You continued to say you were bringing in more men, but failed to.
   c.   You failed to properly manage the Project, as you left the Project multiple times without leaving another competent manager (leader) in your place, which resulted in a multitude of framing deficiencies. We are finding new framing deficiencies every day.
3.   There were numerous defects and errors in framing, some of which were serious and critical. Specifically:
   a.   Your crew failed to install studs and additional vertical supports under the central LVL system in the center of the building; when that was discovered, the entire LVL's (4 together) were merely resting on unsupported top plates, thus deflecting the top plates more than 1 ½"; those had to be jacked up, causing distortions in the exterior sheathing, deflections in the flooring systems, and distortions in all other connected framing systems.
   b.   You failed to install walls in the correct locations, resulting in engineered

Page -1-

*Hope Michelli* (signature)

Certified True and Correct Copy
CertID: 2019012900203

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/29/2019 9:55 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14.132, 133, and/or RPC Rule 3.3(a)(3).

trusses unable to span their designated lengths; your "solution" was to nail short 2"x4" members to the nose of these, but that did not and does not create a structural system. As a result of the improper wall locations, the top cord of the trusses were not fully bearing on the LVL's, materially and substantially weakening the entire truss/floor/ceiling assemblies. This was rejected, and all of that had to be cut out, additional LVL members fitted and attached using different methodology. Even this may not pass inspection.

    c.    You failed to install a steel lintel at the 3rd floor elevator door; instead, the trusses were simply "hanging" as they hit the elevator face, with no support whatsoever. Those are now deflected down, and the 4th floor in this area is not level with the remainder of the floor.

4.    You repeatedly refused to follow directions concerning required elements of construction, including specifically the balconies. We have had to go back and remove some of the exterior framing necessary to insert the cantilevered balcony supports; we have had to cut an LVL unnecessarily (the plans specified a 12" member; you used a 16" member, which resulted in a failed inspection). This also resulted in having to cut and remove a lot of the installed commercial Tyvek; I personally and specifically warned you about this, and you indicated "you would do it at the end, and it would be no problem." It is a problem; the entire waterproofing system has had to be removed to fix these errors, and will have to be replaced.

5.    Your guys actually built a wall over a cantilevered section of floor deck, with no support under it whatsoever. This condition was on the south end of the building; it called for 3 LVL's to be installed to carry the load for the 4th floor, but none were installed. Instead, they laid decking, and let it run wild over the edge of the building, with no LVL support, resulting in it deflecting down where the exterior wall of the 4th floor was framed over it, and the parapet wall was also built over it. How in Jesus name could your guys have done this is beyond belief...

6.    Your guys wasted more nails than I care to consider; they would open boxes, and leave them exposed to weather or moisture, so they would rust, and become unusable. Dozens of boxes were found like this. This waste of material is strictly the responsibility of your crew.

7.    In installing the Tyvek, you and your guys were specifically instructed on how to install the caps necessary to fix that material in place. Instead, they repeatedly banged staples into the system, with no caps, creating points for moisture entry. Each of those will need to be taped over. You attended the Tyvek pre-installation meeting relating to Tyvek's required installation procedures, however NONE of this information was passed onto your men.

8.    There were multiple locations around the stairs and elevator where you failed to install the steel support lintels for the floor joists. These lintels had to be installed by another subcontractor.

9.    One of the main LVL systems on the 2nd floor, supporting the exterior walls for floors 3 and 4, had the camber turned "down", such that when loaded, the member sags into the rooms. No sheetrock can be put there as framed, as the LVL assembly would be below where the sheetrock runs. Your guys obviously knew this, as they cut the shear wall sheathing to "notch" around the LVL. When doing this, they clearly would have seen how the drywall could NOT be correctly installed with the LVL installed as it is. We are having to have a structural engineer provide a fix for this problem.

10.    You were instructed to furr out a number of sections where plumbing did not line up correctly. You failed to do this, making is very difficult now to accomplish this result.

11.    Your guys repeatedly refused to install the fire blocking in the walls so that the leading edges of those blocks were flush with the studs. It obviously creates an unacceptable condition if the blocks are ½" or more past the face of the stud: the drywall finishes are then impossible to work out in a satisfactory manner.

12.    Door frames were not installed, or were installed incorrectly. In their current condition, the door frames will not fit in their framed openings as the jambs are bowed due to improper blocking in the walls.

Page -2-

Certified True and Correct Copy
CertID: 2019012900203

*Hope Michelli*

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/29/2019 9:55 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

13. You failed to install the cantilevered beams under the balconies on the 2nd, 3rd, and 4th floors. GSD had to pay another contractor considerably more money to completed this scope of work.

14. GSD agreed to pay you for the additional work performed by your men, however, GSD could not and is not contractually obligated to pay you more than your percentage of work completed each month. Your failure to perform any further work until GSD paid you immediately for this additional work was coercion and an attempt to hold GSD hostage, which resulted in thousands of dollars in damages and delay costs, all of which will be passed on to you.

You are put on notice that the cost of completing the contract and the damages sustained by the Owner is will be forwarded on to you. The following is a list of charges that will be forwarded to Action that were incurred by GSD as a result of Action's actions or inactions:
1. Additional labor cost to complete Action's scope of work listed in the Subcontract Agreement
2. All hotel and accommodation expenses that were incurred by GSD on Action's behalf after the contract completion date
3. Delay damages incurred by GSD which resulted from Action delaying the Project, which include, but are not limited to: additional interest payments incurred by GSD and direct project costs which include the trailer rental, portolet rental, insurance, labor burden, and overhead.
4. Cost of a Structural Engineer to provide corrections to Action's negligent work

As soon as I have completed and compiled the items and have all backup, I will submit an invoice to you for reimbursement. Credit will be given for your men having to cut studs, as you invoiced. I regret that it has come to this.

Sincerely

G. Steven Duplechain

Page −3−

Certified True and Correct Copy
CertID: 2019012900203

Hope Michell

East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
1/29/2019 9:55 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

R. KYLE ARDOIN
SECRETARY OF STATE
P.O. BOX 94125
BATON ROUGE, LA 70804-9125

U.S. POSTAGE >> PITNEY BOWES

ZIP 70802 $ 004.80
02 4W
0000352949 FEB 15 2019



Baton Rouge P&DC
FRI 15 FEB 2019



7018 0360 0000 7251 9292